IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

D.D. BAIRFIELD,

    Petitioner,                      No. CIV S-05-0166 DFL DAD P

    vs.

BOARD OF PRISON TERMS, et al.,

    Respondents.               ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to this court's order filed February 2, 2005, petitioner has submitted a properly completed application to proceed in forma pauperis.

        Examination of the in forma pauperis application filed on February 24, 2005, reveals that petitioner is unable to afford the costs of this suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner has also requested appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Counsel may be appointed at any stage of a federal habeas case "if the interests of justice so require." 18 U.S.C. § 3006A; Rule 8(c), Fed. R. Governing § 2254 Cases. The interests of justice do not require appointment of counsel in this case at the present time.

1

1  Petitioner attacks the revocation of his parole by the Board of Prison Terms in
2  Solano County on May 10, 2004. Petitioner alleges that the Board violated his Fourteenth
3  Amendment rights when it failed to complete the parole revocation proceedings in a timely
4  manner and based its decision on charges that were not supported by any evidence. Since
5  petitioner may be entitled to relief if the claimed violations of constitutional rights are proved,
6  respondents will be directed to file a response to petitioner's habeas petition.
7  Accordingly, IT IS HEREBY ORDERED that:
8  1. Petitioner's February 24, 2005 application to proceed in forma pauperis is
9  granted;
10  2. Petitioner's February 25, 2005 motion for appointment of counsel is denied;
11  3. Respondents are directed to file and serve a response to petitioner's habeas
12  petition within thirty days from the date of this order. See Rule 4, Fed. R. Governing § 2254
13  Cases. An answer shall be accompanied by all transcripts and other documents relevant to the
14  issues presented in the petition. See Rule 5, Fed. R. Governing § 2254 Cases;
15  4. If the response to the habeas petition is an answer, petitioner's reply, if any,
16  shall be filed and served within thirty days after service of the answer;
17  5. If the response to the habeas petition is a motion, petitioner's opposition or
18  statement of non-opposition to the motion shall be filed and served within thirty days after
19  service of the motion, and respondents' reply, if any, shall be filed and served within fifteen days
20  thereafter; and
21  6. The Clerk of the Court shall serve a copy of this order together with a copy of
22  the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Jennifer A. Neill, Senior
23  Assistant Attorney General.
24  DATED: May 24, 2005.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
bair0166.100

2