IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANA DEMETRIUS BAIRFIELD,

    Petitioner,                    No. CIV S-05-0166 DFL DAD P

    vs.

BOARD OF PRISON TERMS, et al.,

    Respondents.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state parolee proceeding pro se with a petition for writ of habeas corpus challenging the revocation of his parole by the Board of Prison Terms in Solano County in 2004. Respondents have moved to dismiss this action for failure to exhaust all claims by presenting them to the California Supreme Court. Petitioner has not responded to the motion despite the court's May 25, 2005 order requiring him to respond within thirty days after the motion was filed. Respondents have served their motion on petitioner at his private address of record and at parole offices in San Francisco and Vallejo.

PROCEDURAL HISTORY

        When this action commenced, petitioner was confined in California Medical Facility. On May 7, 2005, petitioner informed the court that he was to be released on May 10, 2005. Petitioner requested that all mail be sent to his new address in Vallejo.

1

1      Petitioner was previously released to parole on April 8, 2004.  He was returned to
2 custody on May 10, 2004, on charges of absconding parole supervision, failing to attend an
3 outpatient meeting, operating a motor vehicle without the permission of the owner, driving with a
4 revoked or suspended driver's license, battery, and battery on his spouse.  Petitioner was assigned
5 legal counsel.  Petitioner rejected the screening offer of a return to custody for twelve months.
6 At a revocation hearing held on August 6, 2004, the Board of Prison Terms dismissed the battery
7 charges because the two victims failed to appear at the hearing.  The Board sustained the
8 remaining four charges, revoked petitioner's parole, and returned him to custody for a twelve-
9 month prison term.

10     Petitioner filed state habeas petitions in the Solano County Superior Court and in
11 the California Court of Appeal for the First District, alleging in both petitions that the Board
12 unreasonably delayed his revocation hearing and thereby violated his due process rights.  On
13 December 3, 2004, petitioner filed a petition with the California Supreme Court.  He alleged his
14 grounds for relief in a handwritten addendum in which he claims that he was not timely notified
15 of the charges against him after his arrest on May 10, 2004, and that he did not receive a timely
16 hearing.  On December 23, 2004, petitioner filed a supplemental petition but did not allege new
17 claims or new facts.  The California Supreme Court summarily denied petitioner's habeas corpus
18 petition on January 12, 2005.

19     Petitioner filed his federal habeas petition on January 26, 2005.

20     MOTION TO DISMISS FOR FAILURE TO EXHAUST ALL CLAIMS

21     Respondents seek dismissal of the petition as a mixed petition containing
22 exhausted and unexhausted claims.  Respondents concur with the court's analysis of petitioner's
23 federal habeas petition as alleging that the Board "violated his Fourteenth Amendment rights
24 when it failed to complete the parole revocation proceedings in a timely manner and based its
25 decision on charges that were not supported by any evidence." (Order filed May 25, 2005, at 2.)
26 Respondents have provided copies of petitioner's state habeas petitions to demonstrate that

petitioner did not present the California Supreme Court with any claims concerning the sufficiency of the evidence.  (Mot. to Dismiss, Exs. N & O.)  Respondents contend that petitioner's mixed petition should be dismissed with leave to amend.

## ANALYSIS

Petitioner's federal habeas petition presents four grounds for relief:

> A. Ground one:  My time limits was not met and is being violated.  The Board of Prison [sic] had 45 days to hear my charges.  It took over 100 day's [sic]
>
> Supporting FACTS:  The Board of Central Office Calendar shall act to complete the revocation hearing process without further delay or to dissmiss [sic] the parole violation charges and remove the parole hold.  Title (15) state (2640) (A).  The limits specified in this section are intended to facilitate the timely completion of various segments of the revocation process in order to hold the revocation hearing within a reasonable time after placement of parole hold.
>
> B. Ground two:  Absconding parole supervision
>
> Supporting FACTS:  I never absconding [sic] from parole, I was release [sic] on April 8 - 2004 seen my parole officer on 4-9-2004 and was arrested again on 5-10-04.  The warrent [sic] was issue [sic] (4-29-04) arrest dates 5-10-04) not even absconding you have to be at lease [sic] 30 days and over to abscond.
>
> C. Ground three:  Battery spouse and Battery that was droped [sic]
>
> Supporting FACTS:  It never happend [sic] but he droped [sic] it causes [sic] witness didnt [sic] show
>
> D. Ground four:  Now please listen.  Charges (1) (2) (5).  He found good cause?
>
> Supporting FACTS:  Which he shouldnt [sic] cause [sic] my parole officer did show or my doc doctor [sic] to show that I never missd [sic] my meeting it was cancelled by her and me!  I didn't suppose to get a straight year it should of [sic] been demissed [sic] all charges.

(Pet. at pages numbered (5) and (6).)

In the petition he filed in the California Supreme Court on December 3, 2004, petitioner indicates that his petition concerns his parole, specifically his Fourteenth Amendment

3

rights. Petitioner made no entries in the section of the form where grounds for relief are to be set forth. In a handwritten attachment, petitioner sets forth facts concerning his parole revocation proceedings and discusses the time limits and other provisions proposed in the federal class action, Valdivia v. Schwarzenegger. (Mot. to Dismiss, Ex. N.) This state habeas petition makes no reference to the evidentiary support, or lack thereof, for the various charges at issue in the second, third, and fourth grounds for relief in petitioner's federal habeas petition. In his supplemental state habeas petition filed in the California Supreme Court on December 23, 2004, petitioner indicates that this petition concerns his sentence and credits. The supplemental petition sets forth no claims, no facts, and no argument. (Mot. to Dismiss, Ex. O at 2.)

A federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state court remedies with respect to each claim raised in the petition. Rose v. Lundy, 455 U.S. 509, 516 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed. Id. at 522; Schwendeman v. Wallenstein, 971 F.2d 313, 315 (9th Cir. 1992). A petitioner satisfies the federal exhaustion requirement by fairly presenting to the state's highest court all federal claims before he presents them to a federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996). The petitioner must alert the state courts that a claim under the United States Constitution is being presented. Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000) (citing Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999)); see also Duncan, 513 U.S. at 365-66 ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.").

Respondents have demonstrated that petitioner's federal habeas petition contains claims that have not been presented to the California Supreme Court. Petitioner's federal habeas petition is a mixed petition that must be dismissed. Although it appears that petitioner is no longer prosecuting this action, the undersigned will recommend that respondents' motion to

dismiss be granted with leave to file an amended petition that omits all unexhausted claims. If these recommendations are adopted and petitioner fails to file an amended petition, the undersigned will recommend that this action be dismissed without prejudice for failure to comply with court orders and failure to prosecute the action.

If the recommendations set forth below are adopted and petitioner files an amended petition alleging only exhausted claims, petitioner may move for a stay of this action while additional claims are exhausted. See Rhines v. Weber, ___ U.S. ___, 125 S. Ct. 1528, 1534-35 (2005) (upholding the district court's discretion to stay a federal habeas proceeding to allow the petitioner to present unexhausted claims to the state court where there is good cause for petitioner's failure to exhaust all claims in state court before filing a federal habeas petition); Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998) (recognizing the district court's authority to allow a petitioner to amend a mixed petition to delete unexhausted claims and hold the completely exhausted petition in abeyance). No motion to stay may be filed until the assigned district judge rules on the pending motion to dismiss and instructs petitioner on how to proceed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' June 27, 2005 motion to dismiss for failure to exhaust all claims be granted; and

2. Petitioner be granted thirty days to file an amended petition in which he alleges only exhausted claims.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file and serve written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections

1 shall be filed and served within ten days after service of the objections.  The parties are advised
2 that failure to file objections within the specified time may, under certain circumstances, waive
3 the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
4 1991).

DATED: September 28, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
bair0166.mtd